EPHRAIM FLOM v. ST. PAUL CITY RAILWAY COMPANY AND ANOTHER.
ELLEN CROFT v. SAME.[1]

November 24, 1944.

Nos. 33,778, 33,779.

*Nilva & Frisch,* for appellants.
*C. J. Menz,* for respondents.

HOLT, COMMISSIONER.

These two actions were consolidated for trial. Plaintiff Flom is the son of plaintiff Croft. The mother and son reside in St. Paul

[1]Reported in 16 N. W. (2d) 551.

north of Thomas street. The defendant city railway company operates streetcars upon double tracks on Thomas street, which runs east and west. Western avenue is a paved through street running north and south, crossing Thomas street at right angles. Plaintiff Croft owned a two-door Ford on October 5, 1942, and about 3:30 p. m. plaintiff Flom, by occupation a truck driver, drove his mother, seated by his side in her Ford, south on Western avenue as defendant's streetcar going west on Thomas street stopped in obedience to the stop sign and to discharge passengers. The streetcar was operated by defendant Cziapa. The streetcar started to cross Western avenue as plaintiffs approached from the north on Western avenue. Plaintiffs were going at a speed of from 20 to 25 miles an hour. The evidence is undisputed that the streetcar at no time after it entered the intersection exceeded four miles an hour. When close to the streetcar, plaintiff Flom turned the Ford to the right to avoid collision, but the left side of the Ford hit the right front part of the streetcar. Plaintiff Flom sustained some personal injuries and special damages, and so did plaintiff Croft, her Ford also being damaged. At the close of the testimony, defendants moved for a directed verdict. The motion was granted. Plaintiffs appeal from the orders denying a new trial.

The highway traffic regulation act, Minn. St. 1941, § 169.96 (Mason St. 1940 Supp. § 2720-291[b]), provides:

"In all civil actions, a violation of any of the provisions of this chapter, by either or any of the parties to such action or actions shall not be negligence per se but shall be prima facie evidence of negligence only."

The streetcar made a near stop to let off passengers at Western avenue, a through street.

The traffic act also regulates the right of way at highway intersections. Section 169.20, subd. 3 (§ 2720-198[a]), provides:

"The driver of a vehicle shall stop as required by this chapter at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from the

through highway or which are approaching so closely on the through highway as to constitute an immediate hazard, but the driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicles so proceeding into or across the through highway."

For the plaintiffs, the only testimony of any value was that of plaintiff Flom. His mother had no idea of speed or distance. Flom's stepson, riding in the back seat, made no observation of any value whatever. Defendants' witnesses were, besides the motorman of the streetcar, a woman who attempted to cross Western avenue along with the streetcar, and two women passengers on the streetcar seated in a short seat on the right side at about the middle of the car. We think the evidence is conclusive that the streetcar had lawfully entered the intersection of Western avenue when plaintiff Flom was something over 100 feet north of the north rail of defendants' streetcar track. In fact, Flom was driving at a speed of about five times that of the streetcar. The woman crossing Western avenue on foot along with the streetcar jumped back when Flom came so near that she realized a collision was imminent. Whether to protect their eyes or to avoid seeing the crash, this woman and one of those on the streetcar closed their eyes when the impact came. The evidence is such that if the jury had returned verdicts for plaintiffs the court would have been compelled to set them aside and grant judgment for defendants notwithstanding the verdicts.

Plaintiffs' assignments of error are directed against the order directing the jury to return verdicts for defendants. Plaintiffs claim that their contributory negligence was for the jury, as well as defendants' negligence. We think that contributory negligence need not be considered, because there is no evidence from which defendants' negligence could be found or inferred. The basis of plaintiffs' causes of action is the alleged negligence of defendants. The burden of proof to establish the alleged negligence was on plaintiffs. There is not the slightest evidence that defendants'

streetcar entered the intersection in violation of the traffic act or in violation of the common-law duty of due care. Nor is there an iota of evidence from which a jury could infer that the streetcar violated either the traffic act or common-law duty of due care as it proceeded across Western avenue. Hence directed verdicts for defendants were proper, and the orders denying plaintiffs a new trial are affirmed.

Affirmed.

LORING, CHIEF·JUSTICE, and STREISSGUTH, JUSTICE (concurring specially).

We agree with the result on the ground that contributory negligence appears as a matter of law.